IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Fraud Free Transactions LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) C.A. No. 25-302-GBW |
| Ping Identity Corporation, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT PING IDENTITY CORPORATION'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO STAY
<u>PENDING APPEAL OF RELATED CASE</u>**

OF COUNSEL:

Orion Armon
COOLEY LLP
1144 15th Street, Suite 2300
Denver, CO  80202
(720) 566-4000
oarmon@cooley.com

Andrew Lau
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304
(650) 843-5174
andrew.lau@cooley.com

Rachel Preston
COOLEY LLP
1299 Pennsylvania Ave. NW, #700
Washington, D.C. 20004-2446
(202) 842-7800
rpreston@cooley.com

Dated: January 15, 2026

Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendant
Ping Identity Corporation*

## TABLE OF CONTENTS

                                                                                                    **Page**

I. INTRODUCTION ........................................................................................................... 1

II. STAYING THIS CASE PENDING RESOLUTION OF THE APPEAL IN PING I WILL SIMPLIFY THE COURT'S RESOLUTION OF PING'S § 101 MOTION TO DISMISS THIS LAWSUIT ........................................................................................ 1

    A. Claim 1 of the '768 Patent is Representative of All Claims for § 101 Purposes and FFT Has Not Shown That Ping Must Conduct a Claim-by-Claim Analysis to Show Simplification of Issues ..................................................... 2

        1. Claim 1 of the '768 Patent is Representative of All Claims for § 101 Purposes ........................................................................................... 3

        2. FFT Fails to Cite Any Precedent Which Would Require Ping to Conduct a Claim-by-Claim Comparison to Show That a Stay Would Simplify Issues in This Case ........................................................... 3

        3. FFT's Conclusory Statements in its Complaint Must be Disregarded When Evaluating Patent Eligibility and are Irrelevant to this Motion ............................................................................................ 4

III. FFT'S PREJUDICE ARGUMENTS ARE UNPERSUASIVE AND ANY DELAY RESULTING FROM A STAY WOULD BE REMEDIED BY AN AWARD OF PREJUDGMENT INTEREST ................................................................... 5

IV. THE OKTA II LITIGATION HAS NO BEARING ON A STAY OF THIS CASE AND THAT LITIGATION HAS NOT ADVANCED IN ANY EVENT .......................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. DIRECTV, LLC*,
    838 F.3d 1253 (Fed. Cir. 2016)...................................................................................................3

*Berkheimer v. HP Inc.*,
    881 F.3d 1360 (2018)................................................................................................................3, 4

*Cellspin Soft v. Fitbit*,
    927 F.3d 1306 (Fed. Cir. 2019)...................................................................................................4

*Data Engine Techs. LLC v. Google LLC*,
    906 F.3d 999 (Fed. Cir. 2018).....................................................................................................4

*RecogniCorp, LLC v. Nintendo Co.*,
    855 F.3d 1322 (Fed. Cir. 2017)............................................................................................1, 2, 4

*Sensormatic Elecs., LLC v. Wyze Labs, Inc.*,
    No. 2020-2320, 2021 WL 2944838 (Fed. Cir. July 14, 2021)....................................................3

*Simio v. FlexSim Software Prods.*,
    983 F.3d 1353 (Fed. Cir. 2020)...................................................................................................4

*TruePosition, Inc., v. Polaris Wireless, Inc.*,
    C.A. No. 12-646-RGA-MPT, 2013 WL 5701529 (D. Del. Oct. 21, 2013) ...............................2

**Statutes**

35 U.S.C. § 101....................................................................................................................1, 2, 3, 4

**Other Authorities**

Rule 12(b)(6).................................................................................................................................4

U.S. Patent No. 12,229,768....................................................................................................1, 2, 3

U.S. Patent No. 12,093,950.........................................................................................................1, 2

U.S. Patent No. 11,551,215.........................................................................................................1, 2

**I.      INTRODUCTION**

The Court should stay this litigation pending resolution of Fraud Free Transactions' ("FFT") appeal of the Court's judgment in C.A. No. 1:24-cv-1218-GBW ("Ping I") holding that U.S. Patent Nos. 11,551,215 (the "'215 patent") and 12,093,950 (the "'950 patent") are ineligible for patenting under 35 U.S.C. § 101. There is no doubt that the Federal Circuit's decision of FFT's appeal will inform the Court's decision of Ping's § 101 motion to dismiss this case because the claims of the continuation patent-in-suit (U.S. Patent No. 12,229,768 (the "'768 patent")) merely claim combinations of the abstract ideas claimed in the '215 and '950 patents. While FFT opposes a stay, it only contests two of the three factors relevant to whether a stay should be granted and its arguments concerning even those factors (simplification of issues and prejudice) fall flat.

**II.     STAYING THIS CASE PENDING RESOLUTION OF THE APPEAL IN PING I WILL SIMPLIFY THE COURT'S RESOLUTION OF PING'S § 101 MOTION TO DISMISS THIS LAWSUIT**

There is no doubt that the Federal Circuit's decision of the appeal in Ping I will simplify the Court's decision of Ping's motion to dismiss on § 101 grounds in this case because precedent holds that combining two abstract ideas does not make the resulting claim non-abstract, and the claims of the '768 patent-in-suit merely combine the abstract ideas recited in the '215 and '950 patents which were found ineligible for patenting in Ping I. *RecogniCorp, LLC v. Nintendo Co.*, 855 F.3d 1322, 1327 (Fed. Cir. 2017) ("Adding one abstract idea (math) to another abstract idea (encoding and decoding) does not render the claim non-abstract"); *see also* D.I. 10 at 6.

Claim 1 of the '768 patent is directed to the abstract idea of authenticating a request to access resources in multiple ways when risk factors are present, i.e., the abstract idea of risk-based multi-factor authentication. *Id*. at 6-7. The '768 patent merely combines the abstract idea of adjusting authentication requirements based on risk from the '950 patent with the abstract idea of verification from multiple sources (i.e., multi-factor authentication) claimed in the '215 patent. *Id.*

1

at 7. As the Federal Circuit explained in *RecogniCorp*, FFT's claiming strategy for the '768 patent renders the '768 patent also ineligible for patenting, assuming that the Federal Circuit affirms this Court's judgment in Ping I. *RecogniCorp* underscores that the resolution of Ping I will simplify this case, if not resolve it outright.[1]

FFT points to *TruePosition* for the proposition that a stay should be denied because the issues in this litigation do not substantially overlap with the issues on appeal in Ping I, but as the Federal Circuit's reasoning in *RecogniCorp* illustrates, the Court's § 101 analysis of the '768 patent is likely to follow the Federal Circuit's patent eligibility determination of the '215 and '950 patents. D.I. 24 at 7. Furthermore, the facts in *TruePosition* are not analogous to this case. A stay was denied in *TruePosition* because of the unknown timeline for a related IPR and the fact that the Patent Office had not even instituted *inter partes* review. *TruePosition, Inc., v. Polaris Wireless, Inc.*, C.A. No. 12-646-RGA-MPT, 2013 WL 5701529, at *5 (D. Del. Oct. 21, 2013). This case does not involve IPR proceedings at all.

>  A. **Claim 1 of the '768 Patent is Representative of All Claims for § 101 Purposes and FFT Has Not Shown That Ping Must Conduct a Claim-by-Claim Analysis to Show Simplification of Issues**

FFT's next mistaken argument is that Ping failed to show that a stay will simplify issues in this case because its motion did not include a claim-by-claim comparison of the '768 patent to the claims of the '215 or '950 patents. FFT's argument is mistaken because the only claim that is relevant to the Court's § 101 analysis in this case is claim 1 of the '768 patent. Nor can FFT show that there is a requirement to do a claim-by-claim comparison and Ping is not aware of any such precedent.

---

[1] FFT ignored *RecogniCorp* in its § 101 opposition brief (D.I. 13) and stay opposition brief (D.I. 24), thus forfeiting any contrary argument.

2

1. **Claim 1 of the '768 Patent is Representative of All Claims for § 101 Purposes**

Ping's § 101 motion showed that claim 1 of the '768 patent is representative of all claims in the patent for the purposes of the § 101 analysis. D.I. 10 at 3 ("Courts may treat a claim as representative in certain situations, such as if the patentee does not present any meaningful argument for the distinctive significance of any claim limitations not found in the representative claim" (quoting *Sensormatic Elecs., LLC v. Wyze Labs, Inc.*, No. 2020-2320, 2021 WL 2944838, at *4 (Fed. Cir. July 14, 2021))). FFT failed to dispute the representativeness of claim 1, forfeiting any argument to the contrary. *See Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1264 n.4 (Fed. Cir. 2016) (patent owner's failure to provide meaningful argument as to eligibility of any other claim waived argument that other claims should be separately analyzed).

FFT newly asserts that the Court must take the limitations of claims 12, 24, 38, 45, and 46 of the '768 patent into account for its § 101 and stay analyses, but it forfeited those arguments by choosing not to include them in its § 101 opposition brief. D.I. 24 at 3-4 and 6-8. FFT inaptly cites to *Berkheimer* in support of its arguments, failing to appreciate that "Mr. Berkheimer ***never agreed*** to make claim 1 representative" and he had argued "[i]n his opposition brief to HP's motion for summary judgment… that claim 1 is not representative of the limitations found in the dependent claims." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018) (emphasis added). It is far too late for FFT to argue that claim 1 of the '768 patent is not representative for § 101 purposes.

2. **FFT Fails to Cite Any Precedent Which Would Require Ping to Conduct a Claim-by-Claim Comparison to Show That a Stay Would Simplify Issues in This Case**

Moreover, it is not the standard in Delaware that a party seeking a stay must conduct a claim-by-claim analysis or comparison to show simplification of the issues. FFT again erroneously cites *Berkheimer* for the proposition that a claim comparison is required, D.I. 24 at 6, but the

decision in that case was specific to facts that were starkly different from this case (i.e., in *Berkheimer*, the parties had a live dispute about the representativeness of claims for § 101 purposes), and *Berkheimer* did not address the standard for a stay of litigation in any event. FFT also cites *Data Engine Technologies* to support its arguments concerning a claim-by-claim analysis, but its purported requirement is not addressed in *Data Engine*, either. *Cf. Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1011-1012 (Fed. Cir. 2018).

The Court should disregard FFT's arguments concerning simplification of the issues because FFT overlooks the Federal Circuit's guidance in *RecogniCorp* which underscores that decision of the appeal in Ping I will provide substantial guidance to the Court's decision of Ping's motion to dismiss this case, and because FFT incorrectly argues for a claim-by-claim analysis that is not required by the facts of this case or Delaware or Third Circuit law.

### 3. FFT's Conclusory Statements in its Complaint Must be Disregarded When Evaluating Patent Eligibility and are Irrelevant to this Motion

Finally, FFT's argument that there will be no simplification of issues from a stay because the allegations in its Complaint change the § 101 analysis is also mistaken. FFT's Complaint makes only bare, conclusory allegations that its claimed invention has advantages over traditional authentication techniques. D.I. 13 at 6 (citing D.I. 1 at ¶¶ 15–16). When evaluating a complaint under Rule 12(b)(6), courts disregard conclusory statements of precisely this sort. *Simio, LLC v. FlexSim Software Prods., Inc.*, 983 F.3d 1353, 1365 (Fed. Cir. 2020). Furthermore, allegations about inventiveness that (as here) are wholly divorced from the claims or the specification are entitled to no weight and cannot defeat a motion to dismiss under § 101. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1317 (Fed. Cir. 2019) (only "plausible and specific factual allegations that aspects of the *claims* are inventive are sufficient") (emphasis added). FFT's conclusory Complaint allegations are not tied to the claimed invention, nor are they plausible in light of the

4

patent's disclosure of generic components and conventional techniques, so they are irrelevant to patent eligibility and Ping's motion to stay.

### III. FFT'S PREJUDICE ARGUMENTS ARE UNPERSUASIVE AND ANY DELAY RESULTING FROM A STAY WOULD BE REMEDIED BY AN AWARD OF PREJUDGMENT INTEREST

FFT's attempts to claim a power imbalance and unfair prejudice from a stay are similarly unpersuasive. It is undisputed that FFT is a non-practicing entity with no products, employees, or revenues, and that it does not compete with Ping. This case is solely about money, and pre-judgment interest will make FFT whole for any temporary delay in collecting money damages if the '768 patent is not found ineligible and FFT prevails at trial. Nor are there any extenuating circumstances here that warrant allowing this case to move forward, which distinguishes this case from *Intellectual Ventures*. *Intellectual Ventures I LLC v. Toshiba Corp.*, No. Civ. 13-453-SLR/SRF, 2015 WL 3773779, at *2 (D. Del. May 15, 2015) (denying stay "because there has already been substantial delay (pre- and post-litigation) in moving the parties' dispute forward").

### IV. THE OKTA II LITIGATION HAS NO BEARING ON A STAY OF THIS CASE AND THAT LITIGATION HAS NOT ADVANCED IN ANY EVENT

Finally, FFT is wrong about the relevance of proceedings in C.A. No. 1:25-cv-00303-GBW ("Okta II") to Ping's motion to stay. The Oral Order in Okta II ordered the parties to "move forward" and submit a joint proposed scheduling order without referencing Ping I or this case or denying a motion to stay litigation. Okta II, D.I. 17. Since issuing the Oral Order, no scheduling order has been entered. The only development in Okta II has been a letter to the Court in which Okta asserts a stay of Okta II is warranted pending the appeal of Ping I. Okta II, D.I. 19 at 2–3. The Court has yet to "move forward." Any suggestion by FFT that the docket in Okta II signals that the Court has already decided whether a stay is warranted is speculative at best.

For the foregoing reasons, the Court should stay this case pending the appeal in Ping I.

| | |
|---|---|
| OF COUNSEL:<br><br>Orion Armon<br>COOLEY LLP<br>1144 15th Street, Suite 2300<br>Denver, CO  80202<br>(720) 566-4000<br>oarmon@cooley.com<br><br>Andrew Lau<br>COOLEY LLP<br>3175 Hanover Street<br>Palo Alto, CA  94304<br>(650) 843-5174<br>andrew.lau@cooley.com<br><br>Rachel Preston<br>COOLEY LLP<br>1299 Pennsylvania Ave. NW, #700<br>Washington, D.C. 20004-2446<br>(202) 842-7800<br>rpreston@cooley.com<br><br>Dated:  January 15, 2026 | /s/ Kelly E. Farnan<br>Kelly E. Farnan (#4395)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>farnan@rlf.com<br><br>*Attorneys for Defendant Ping* |