IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FRAUD FREE TRANSACTIONS, LLC,

Plaintiff,

v.

PING IDENTITY CORPORATION,

Defendant.

Civil Action No. 25-302-GBW

## MEMORANDUM ORDER

Pending before the Court is Defendant Ping Identity Corporation's ("Defendant") Motion to Stay Pending Appeal of Related Case ("Motion to Stay") (D.I. 20), which is fully briefed. D.I. 20; D.I. 24; D.I. 25. For the reasons set forth below, the Court grants Defendant's Motion to Stay.

## I.    BACKGROUND

Plaintiff Fraud Free Transactions, LLC ("Plaintiff") filed this action against Defendant on March 11, 2025, alleging that Defendant infringed U.S. Patent No. 12,229,768 (the "'768 Patent"). *See* D.I. 1. Prior to the filing of this action, Plaintiff filed an action against Defendant, on November 4, 2024, alleging that Defendant infringed U.S. Patent Nos. 11,551,215 (the "'215 Patent") and 12,093,950 (the "'950 Patent"). *See* C.A. No. 24-1218, D.I. 1. In C.A. No. 24-1218, Defendant moved to dismiss the complaint under Fed. R. Civ. P 12(b)(6) for lack of patent eligible subject matter under U.S.C. § 101. *See* C.A. No. 24-1218, D.I. 16. On April 29, 2025, this Court issued an Order granting Defendant's motion to dismiss and dismissed the '215 Patent and '950 Patent for lack of patent eligible subject matter. *Id.*, D.I. 26. Thereafter, Plaintiff filed an appeal to the Federal Circuit (the "Appeal"), which is currently pending. *Id.*, D.I. 27.

1

In this action, Defendant seeks to stay this case pending the appeal of C.A. No. 24-1218 because the alleged acts of infringement in this action and C.A. No. 24-1218 involve the exact same accused products and contain identical claims against Defendant.  D.I. 20 at 3.  Also, the patent in this case, the '768 Patent, shares the same patent family and common specification as the '215 Patent and '950 Patent in C.A. No. 24-1218.  Defendant therefore asserts that a stay is warranted in this action because the Federal Circuit's decision in C.A. No. 24-1218 will simplify the issues in this case, prevent duplicative litigation as to the patent subject matter eligibility of the '768 Patent, and conserve the resources of both the Court and the parties.

## II.    LEGAL STANDARD

Decisions whether to stay a case "are firmly within the discretion of district courts." *Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.*, No. 17-1687, 2019 WL 126192, at *1-2 (D. Del. Jan. 8, 2019).  In determining whether a stay is appropriate, courts consider the following three factors: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Consumeron, LLC v. MapleBear Inc.*, C.A. No. 21-1147-GBW, 2023 WL 3434002, at *2 (D. Del. May 12, 2023); *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC,* No. 15-1168, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021).

## III.    DISCUSSION

After evaluating the factors, the Court finds, on balance, that the factors weigh in favor of granting a stay for the following reasons:

### A.    Granting a Stay Will Likely Simplify the Issues for Trial

"The most important factor bearing on whether to grant a stay is whether the stay is likely to simplify the issues at trial." *Brit. Telecommunications PLC v. IAC/InterActive Corp.*, C.A. No.

18-366, 2019 WL 4740156, at *7 (D. Del. Sep. 27, 2019). The Appeal, pending before the Federal Circuit for the '215 Patent and the '950 Patent, arises from this Court finding that those patents are directed to patent ineligible subject matter under 35 U.S.C. § 101. *See* C.A. No. 24-1218, D.I. 26. Considering that the '768 Patent is from the same patent family and shares a common specification with the '215 Patent and '950 Patent, the Court finds that the Federal Circuit's resolution of the Appeal will likely provide guidance regarding the proper application of § 101 to the patent family and may narrow, if not resolve, issues that would otherwise require substantial motion practice in this case.

Plaintiff contends that the asserted claims of the '768 Patent are materially different and distinguishable from those previously adjudicated. D.I. 24 at 6-8. The Court is not persuaded by Plaintiff's arguments.   While the '768 Patent recites additional verification criteria and authentication conditions, the asserted claims remain directed to the same rule based authentication framework underlying the '215 Patent and '950 Patent that arise from the same common disclosure. At this stage, the Court need not undertake a claim-by-claim analysis of the '768 Patent to determine whether the additional claim limitations are materially different. That issue is more appropriately addressed after the Federal Circuit provides guidance. Under these circumstances, the Court concludes that the overlap in the specification, technology, accused products, and legal issues are substantial enough that appellate guidance is likely to assist the Court in efficiently resolving any renewed § 101 challenge. Thus, this factor weighs in favor of granting the stay.

**B.    The Status of the Litigation Weighs in Favor of Granting a Stay**

This litigation is in its early stages. A scheduling order has not been entered. Therefore, the most significant and expensive stages of this litigation are yet to come, as "the most burdensome stages of [this action] – completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in

post-trial motions practice – all lie in the future." *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452, 2019 WL 3943058, at *2 (D. Del. Aug. 21, 2019). Given that this action is in its early stages, a stay will promote judicial efficiency and maximize the likelihood that neither the Court nor the parties will unnecessarily waste judicial resources and party resources during the pendency of the Appeal. Thus, this factor weighs in favor of granting the stay.

### C.    A Stay Will Not Unduly Prejudice Plaintiff

Defendant makes two arguments in support of its position regarding prejudice: (1) the parties have already stipulated to extend time on several occasions, and (2) the parties are not direct competitors. Plaintiff responds that, although the parties are not direct competitors, a stay would hinder Plaintiff's "ability to enforce and license its patent rights." D.I. 24 at 11. The Court agrees with Defendant that a stay will not unduly prejudice Plaintiff or provide an unfair tactical advantage to Defendant.

*First*, as Defendant points out, the parties have already stipulated to several extensions in the present litigation. Given the Court's trial calendar, trial in this action is unlikely to occur before 2028. The Appeal in C.A. No. 24-1218 was filed on May 29, 2025. C.A. No. 24-1218, D.I. 27. Thus, the Appeal is likely to be resolved before the present action goes to trial. There is no prejudice to Plaintiff where the Appeal concerns a decision favoring *Defendant* on significantly overlapping patents, especially given the likelihood that the Appeal will be resolved before trial in this action. *Cf. B.E. Tech., L.L.C. v. Twitter, Inc.*, C.A. No. 20-621-GBW, 2023 WL 3478567 (D. Del. May 16, 2023) (finding prejudice to Plaintiff when the decision being appealed favored Plaintiff).

*Second*, Plaintiff is a "non-practicing entity with no employees or products" (D.I. 20 at 6), and the parties are not direct market competitors. *Id.*; D.I. 24 at 10. While Plaintiff's "interest in the prompt enforcement of its patent rights is entitled to weight" regardless of the relationship

4

between the parties, that consideration alone does not cut against granting a stay. *IOENGINE*, 2019 WL 3943058, at *6. "That is especially true for non-practicing entities . . . that 'do[] not participate in the relevant market and will not suffer any loss of market share or erosion of goodwill due to a stay." *Id.* (alteration in original) (quoting *Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*, C.A. No. 12-1461-LPS-CJB, 2014 WL 3819458, at *6 (D. Del. Jan. 15, 2014)).

*Third*, the Appeal concerns this Court's own prior § 101 decision involving the same patent family. Proceeding simultaneously with a new eligibility challenge involving a continuation patent risks unnecessary duplication of effort by both the Court and the parties while the governing appellate guidance is forthcoming. Thus, this factor weighs slightly in favor of granting the stay.

## IV.    CONCLUSION

For all the foregoing reasons, the Court grants Defendant's Motion to Stay.

\* \* \* \* \*

WHEREFORE, at Wilmington this 30th day of July 2026, **IT IS HEREBY ORDERED** that:

1. Defendant Ping Identity Corporation's Motion to Stay Pending Appeal of Related Case (D.I. 20) is **GRANTED**;

2. This case is **STAYED** until after the resolution of the appeal in C.A. No. 24-1218. By no later than fourteen (14) days after the resolution of the Appeal, the parties shall file a joint status report in this action providing the Court with an update on the Federal Circuit's resolution of the Appeal;

3. Defendant Ping Identity Corporation's Motion to Dismiss Based upon Lack of Patent-Eligible Subject Matter (D.I. 9) is **DENIED** without prejudice to renew after the resolution of the Appeal.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

6